FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELAINE KING,<br><br>                          Plaintiff,<br><br>      v.<br><br>PENNYMAC LOAN SERVICES,<br>LLC,<br><br>                          Defendant. | No. 4:24-CV-05002-MKD<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS COMPLAINT<br>PURSUANT TO FRCP 12(b)(6)<br><br>**ECF No. 4** |

Before the Court is Defendant PennyMac Loan Services, LLC's ("PennyMac's") Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6). ECF No. 4. On May 3, 2024, the Court held a hearing. ECF No. 11. Benjamin J. Riley appeared on behalf of Plaintiff Elaine King. Claire L. Rootjes appeared on behalf of PennyMac.

Ms. King alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Washington Consumer Protection Act ("CPA"), RCW 19.86, stemming from PennyMac's alleged failure to meet its credit

ORDER - 1

reporting obligations.  ECF No. 1 at 8-9.  PennyMac moves to dismiss for failure to state a claim.  ECF No. 4.  For the reasons stated herein, PennyMac's motion is granted.

## BACKGROUND

In the Complaint, Plaintiff King alleges the following: on March 6, 2017, she obtained a home loan from PennyMac ("2017 Loan") for the purchase of a property located in Pasco, Washington (the "Property").  ECF No. 1 at 7 ¶ 2.1. Ms. King entered into a Promissory Note and executed a Deed of Trust with PennyMac for the Property.  *Id.*

On June 23, 2020, Ms. King filed for Chapter 13 bankruptcy and listed PennyMac as a secured creditor and mortgage servicer for the Deed of Trust.  *Id.* at 7 ¶ 2.2; *see also* Petition, *In re King*, No. 20-BK-1273 (Bankr. E.D. Wash. June 23, 2020), ECF No. 1.  At that time, Ms. King had made all payments on her obligations to PennyMac and was current on amounts owed.  ECF No. 1 at 7 ¶ 2.2.

On September 9, 2021, the bankruptcy court converted Ms. King's case to Chapter 7.  *Id.*; *see also* Order Converting Case, *In re King*, No. 20-BK-1273 (Bankr. E.D. Wash. Sept. 9, 2021), ECF No. 71.  In December 2021, the bankruptcy court granted discharge and closed her case.  ECF No. 1 at 7 ¶ 2.2; Discharge, Final Decree, and Certificate of Mailing, *In re King*, No. 20-BK-1273 (Bankr. E.D. Wash. Dec. 8-11, 2021), ECF Nos. 89, 90, 91.

ORDER - 2

On May 20, 2022, Ms. King and PennyMac entered into a Loan Modification Agreement for the loan on the Property ("2022 Loan Modification"). ECF No. 1 at 7 ¶ 2.3.  Ms. King has remained current on all payments through at least November 26, 2023, the date of the Complaint.  *Id.* at 7 ¶ 2.4.

PennyMac has not reported to credit reporting agencies any current obligation owed by Ms. King or payments she has made since the bankruptcy.  *Id.* at 7 ¶ 2.5.  Ms. King has contacted PennyMac to demand the reporting be corrected.  *Id.* at 7-8 ¶ 2.6.  PennyMac has not responded and has refused to change its reporting.  *Id.*  Ms. King has been denied auto loans, home loans, and employment promotions since the events in question.  *Id.* at 8 ¶ 2.7.

On December 4, 2023, Ms. King filed her Complaint in the Franklin County Superior Court.  *Id.* at 1-2 ¶ 1.  On January 3, 2024, PennyMac filed a notice of removal.  ECF No. 1 at 1.  On January 17, 2024, PennyMac filed the instant motion to dismiss.  ECF No. 4.

## LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the

ORDER - 3

1  elements of a cause of action, supported by mere conclusory statements, do not

2  suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

3      In considering a motion to dismiss for failure to state a claim, a court must

4  accept as true the "well-pleaded factual allegations" and any reasonable inference

5  to be drawn from them, but legal conclusions are not entitled to the same

6  assumption of truth. *Id.* at 678-79.  A complaint must contain either direct or

7  inferential allegations respecting all the material elements necessary to sustain

8  recovery under some viable legal theory. *Twombly*, 550 U.S. at 562 (citations

9  omitted).  "Factual allegations must be enough to raise a right to relief above the

10 speculative level . . . on the assumption that all of the complaint's allegations are

11 true . . . ." *Id.* at 555 (citations omitted).

## DISCUSSION

13     Ms. King brings two claims: (1) PennyMac failed its credit reporting

14 obligations, violating the FCRA, and (2) PennyMac's business practices were

15 deceptive and harmful to the public, violating Washington's CPA.  ECF No. 1 at 8-

16 9.  Each claim is premised upon the theory that PennyMac should be, but is not,

17 reporting Ms. King's payments to credit reporting agencies. *See id.* at 8.

18 **A. Fair Credit Reporting Act**

19     The FCRA is aimed at ensuring "fair and accurate credit reporting[.]" *Syed*

20 *v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir. 2017) (quoting *Safeco Ins. Co. v. Burr*,

551 U.S. 47, 52 (2007)).  15 U.S.C. § 1681s-2 imposes duties and responsibilities on persons who furnish information to consumer reporting agencies ("CRAs"). Section 1681s-2(a) requires that furnishers of information provide only accurate and complete information, update and correct information, and notify CRAs of disputes over information.

If a consumer believes there is an error in her credit report, the consumer may dispute the accuracy of the report by notifying the CRA pursuant to Section 1681i(a)(1)(A).  The CRA must then provide notice of the dispute to the furnisher that provided the disputed information.  15 U.S.C. § 1681i(a)(2)(A).  Upon notice of the dispute from the CRA, the furnisher must investigate and report its findings back to the CRA.  15 U.S.C. § 1681s-2(b)(1).

A furnisher faces civil liability to the consumer for willful or negligent noncompliance with its duty to investigate.  15 U.S.C. §§ 1681n, 1681o, 1681s-2(c); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154, 1162 (9th Cir. 2009).  "The purpose of [Section] 1681s-2(b) is to require furnishers to investigate and verify that they are in fact reporting complete and accurate information to the CRAs after a consumer has objected to the information in his file." *Gorman*, 584 F.3d at 1164.

*1. Notice from CRA*

PennyMac argues that Ms. King has failed to allege necessary elements of

her FCRA claim.  ECF No. 4 at 9.

To succeed on a Section 1681s-2(b) claim against a furnisher, a plaintiff must demonstrate that "(1) [s]he found an inaccuracy in h[er] credit report; (2) [s]he notified a [CRA]; (3) the [CRA] notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of" Section 1681s-2(b).  *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (citation and quotation marks omitted); *Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp. 3d 665, 672 (E.D. Pa. 2015); *Lawrence v. Paramount Residential Mortg. Grp., Inc.*, No. 19-CV-2103, 2021 WL 3578679, at *5 (D. Or. May 4, 2021). "Concerning the second element, it is well-established that proof of 'a formal notice of consumer dispute from a [CRA]' is required to prove a furnisher's FCRA violation." *Lawrence*, 2021 WL 3578679, at *7 (quoting *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023-25 (N.D. Cal. 2006)).

Ms. King's Complaint alleges that she "contacted [PennyMac] and demanded this reporting be corrected by [PennyMac].  To date, [PennyMac] has not responded to [Ms. King] and has thus refused to correct this reporting."  ECF No. 1 at 7-8 ¶ 2.6.  At no point in her Complaint does Ms. King allege she notified a CRA of her dispute, or that a CRA provided formal notice of the dispute to PennyMac.  *See generally id.*

ORDER - 6

1    PennyMac does not dispute that it is a furnisher subject to the FCRA's

2    Section 1681s-2 regulations.  *See* ECF No. 4 at 5.  Therefore, FCRA provisions

3    requiring that furnishers report information known to be accurate and complete

4    apply to PennyMac.  15 U.S.C. § 1681s-2(a).  However, civil liability cannot be

5    premised upon violations of Section 1681s-2(a) alone.  15 U.S.C. § 1681s-2(c)(1).

6    A lawsuit such as this one may proceed only under Section 1681s-2(b), which

7    provides civil liability where a furnisher fails to act accordingly after a CRA gives

8    it notice of a dispute.  15 U.S.C. § 1681s-2(b)-(c).  Ms. King offers no authority to

9    the contrary, and the sole case she cites to defend her FCRA claim uses the above

10   analysis.  *See* ECF No. 7 at 3 (citing *Marchisio v Carrington Mortg. Servs., LLC*,

11   919 F.3d 1288, 1301-02 (11th Cir. 2019) (describing procedure under Sections

12   1681i, 1681n, 1681s-2)).

13   Without the allegation that Ms. King notified a CRA, she fails to state a

14   legally cognizable claim for relief under the FCRA.  *See Gorman*, 584 F.3d at

15   1162; *Biggs*, 209 F. Supp. 3d at 1144; *Lawrence*, 2021 WL 3578679, at *7;

16   *Horsch*, 94 F. Supp. 3d at 672.

17       *2.  Reporting Inaccurate or Incomplete Information*

18   PennyMac also argues that the alleged inaccuracy underlying Ms. King's

19   claims is not an inaccuracy.  ECF No. 4 at 5.

20   In addition to the more procedural prerequisites of Section 1681s-2, a

ORDER - 7

plaintiff must also allege that the furnisher actually provided incomplete or

inaccurate information. *Biggs*, 209 F. Supp. 3d at 1144; *Lawrence*, 2021 WL

3578679, at \*5; *Gorman*, 584 F.3d at 1163; *see also Carvalho v. Equifax Info.*

*Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (explaining that the Ninth Circuit

requires Section 1681i plaintiffs to "make a 'prima facie showing of inaccurate

reporting'") (citation omitted).  Information is considered incomplete or inaccurate

if it is patently incorrect or misleading in such a way, and to such an extent, that it

can be expected to adversely effect a consumer's credit. *Gorman*, 584 F.3d at

1163 (citations and quotation marks omitted).  Reporting disputed information

without noting the dispute may amount to reporting "incomplete or inaccurate"

information within the meaning of the FCRA. *Id.*  Although it is a factual

question, the Ninth Circuit has commented that failing to report a meritless dispute

is unlikely to be materially misleading, but failing to report a bona fide dispute

may give rise to liability. *Id.* (citations omitted).

Ms. King alleges that PennyMac "is not reporting any current obligation

owed by [Ms. King] on [Ms. King's] credit history [and] is not reporting any

payment history . . . on the Home Loan Modification or the original Deed of Trust

obligation owed to [PennyMac]."  ECF No. 1 at 7 ¶ 2.5.  More generally, she

alleges that PennyMac "has failed to disclose and correctly report [her] payment

history on her obligation to [PennyMac]." *Id.* at 8 ¶ 3.1.  PennyMac argues that it

has no obligation to report the payments at issue because Ms. King's Chapter 7

bankruptcy discharged her 2017 Loan, and no subsequent reportable obligation has

arisen.  ECF No. 4 at 5, 8-9.

The Court is constrained to the factual allegations in the Complaint.  The

parties have not provided any extraneous documentation of the 2022 Loan

Modification, Ms. King's current or past PennyMac accounts or their status, or

PennyMac's reports to CRAs.[1]  In their absence, the instant Order should not be

read to comment on the legal significance of those documents.

Ms. King's "allegation" that PennyMac must report her post-bankruptcy

payments is a legal conclusion.  ECF No. 1 at 7 ¶ 2.1-2.7.  Legal conclusions are

not entitled to the presumption of truth.  *See Iqbal*, 556 U.S. at 678.  For her theory

to survive dismissal, she must allege "sufficient factual matter, accepted as true,"

indicating that there was a reportable payment that PennyMac failed to report.  *See*

---

[1]  There are procedural grounds for the Court to review such documents at this

stage.  *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (At the

Fed. R. Civ. P. 12(b)(6) stage, "[a] court may . . . consider certain materials—

documents attached to the complaint, documents incorporated by reference in the

complaint, or matters of judicial notice—without converting the motion to dismiss

into a motion for summary judgment.").

ORDER - 9

1    *id.* at 678.  As other district courts have concluded, debt for which a person is not

2    personally obliged is not relevant to a credit report, "because a person's credit

3    report by definition provides information about the debts owed by that person."

4    *Horsch*, 94 F. Supp. 3d at 675; *Lamando*, 2024 WL 264034, at *5.  The failure to

5    report payments on a debt not personally owed is not as a material inaccuracy for

6    the purposes of Section 1681s-2.  *See Lamando*, 2024 WL 264034, at *5

7    (collecting cases).  From the face of the Complaint, none of Ms. King's alleged

8    obligations appear to be reportable.

9         Starting with the 2017 Loan, the Chapter 7 bankruptcy discharged

10   Ms. King's personal obligation.  *See Lamando*, 2024 WL 264034, at *5-6 (quoting

11   *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991)).  Ms. King does not

12   allege that this personal debt was reaffirmed in bankruptcy or later reestablished.

13        Regarding the 2022 Loan Modification, Ms. King broadly characterizes the

14   agreement as an "obligation" but does not allege it is a personal obligation.  *See*

15   ECF No. 1 at 7 ¶ 2.5, 8 ¶ 3.1.  But as PennyMac argues, the 2022 Loan

16   Modification "could not, and did not, act to re-obligate [Ms. King] personally on

17   the discharged debt."  ECF No. 4 at 8.  In fact, the bankruptcy code suggests it

18   would be illegal for PennyMac to attempt to reestablish Ms. King's 2017 Loan

19   following discharge in bankruptcy.  *See Lamando*, 2024 WL 264034, at *5-6; 11

20   U.S.C. § 524(c)(1)-(3).

ORDER - 10

Finally, Ms. King suggests PennyMac must report payments towards the "Deed of Trust obligation[.]" ECF No. 1 at 8 ¶ 3.1. In Washington, a "deed of trust secures a mortgage, which is a lien on the property functioning as security for the debtor's obligation to pay." *OneWest Bank, FSB v. Erickson*, 367 P.3d 1063, 1078 n.14 (Wash. 2016). Ms. King does not allege she is personally obliged on the instrument, and the law indicates she cannot be.

To the extent that Ms. King's payments were made to prevent foreclosure on her home, and were therefore reportable, she offers no authority supporting the theory. ECF No. 7 at 4. District courts across the country appear to consistently hold to the contrary. *See, e.g.*, *Lamando*, 2024 WL 264034, at *7 ("[T]here appears to be a consensus that a credit report which indicates a discharge in bankruptcy, without mention of subsequent payments, is accurate as there is no legal requirement to report such payments.") (citing *Horsch*, 94 F. Supp. 3d at 675; *Lawrence*, 2020 WL 6689371, at *3; and others).

In sum, there is insufficient factual matter alleged to support Ms. King's legal theory that PennyMac is not reporting payments it is required to report. Accordingly, Ms. King has failed to state a claim upon which relief can be granted under the FCRA.

ORDER - 11

1

**B. Consumer Protection Act**

2       "To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or

3  deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the

4  public interest, (4) injury to a person's business or property, and (5) causation."

5  *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009) (citation

6  omitted). "Whether a particular act or practice is 'unfair or deceptive' is a question

7  of law." *Id.* at 894 (citation omitted). To demonstrate an act was "unfair or

8  deceptive" under Washington's CPA, a plaintiff must show that the act "had the

9  capacity to deceive a substantial portion of the public." *Id.*

10       In response to the instant Motion, Ms. King argues that PennyMac contacted

11  her about modifying her loan and promissory obligation. ECF No. 7 at 4. She

12  characterizes this interaction as "inducement to enter into a loan modification." *Id.*

13  at 4-5. This "inducement" allegation does not appear in her Complaint. All that

14  the Complaint alleges about the loan modification is that, "[o]n or about May 20,

15  2022, [Ms. King] modified her home loan with [PennyMac] and entered into a

16  Loan Modification Agreement for her Property." ECF No. 1 at 7 ¶ 2.3. Further

17  on, she repeats the legal assertion that PennyMac's failure to report payments

18  pursuant to the 2022 Loan Modification was improper, adding the further legal

19  assertion that these actions were "deceptive and harm the public." *Id.* at 8 ¶ 3.2.

20

1    There is no allegation in the Complaint that PennyMac misrepresented the

2   terms of the 2022 Loan Modification, represented to Ms. King that it would report

3   her payments to CRAs then failed to do so, or otherwise acted in a manner that

4   would deceive a substantial portion of the public.  *Panag*, 204 P.3d at 894.  The

5   Complaint lacks sufficient factual matter to support a reasonable inference that

6   PennyMac's actions were unfair or deceptive.  *See Iqbal*, 556 U.S. at 678.

7    Ms. King has failed to state a claim upon which relief can be granted

8   pursuant to Washington's CPA.

9                                    **CONCLUSION**

10    Ms. King has failed to allege sufficient factual matter which, accepted as

11   true, would support each of the requisite elements of her FCRA and Washington

12   CPA claims.  For the reasons stated herein, PennyMac's Motion to Dismiss is

13   granted.

14    Accordingly, **IT IS HEREBY ORDERED:**

15    1.    Defendant PennyMac Loan Services, LLC's Motion to Dismiss

16   Complaint Pursuant to FRCP 12(b)(6), **ECF No. 4**, is **GRANTED**.

17    2.    Plaintiff Elaine King's Complaint, **ECF No. 1**, is **DISMISSED**

18   **without prejudice**.

19

20

ORDER - 13

1    **IT IS SO ORDERED.**  The District Court Executive is directed to file this

2  order, enter judgment of dismissal without prejudice, provide copies to counsel,

3  and **CLOSE** the file.

4    **DATED** May 8, 2024.

5                                _s/Mary K. Dimke_
                                MARY K. DIMKE
6                          UNITED STATES DISTRICT JUDGE

ORDER - 14